**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

|                                       |   |                                 |
|---------------------------------------|---|---------------------------------|
| CROSSFIT, INC.,                       | ) | Civil Action No. 1:13-cv-11498-FDS |
|                                       | ) |                                 |
|     Plaintiff,    | ) |                                 |
| v.                                    | ) | **ANSWER INCLUDING**            |
|                                       | ) | **AFFIRMATIVE DEFENSES**        |
| DONNY MUSTAPHA, individually and      | ) |                                 |
| d/b/a CHELMSFORD SPORTS CLUB,         | ) |                                 |
|                                       | ) |                                 |
|     Defendants.   | ) |                                 |

_____

Defendants Donny Mustapha and Chelmsford Sports Club ("Defendants") hereby answer the Complaint of plaintiff CrossFit, Inc. ("Plaintiff").

**Nature of the Action**

1.    Paragraph 1 sets forth conclusions of law to which no response is required. Defendants admit that the Complaint alleges the claims recited in Paragraph 1 but otherwise deny the allegations therein.

**Jurisdiction and Venue**

2.    Paragraph 2 sets forth conclusions of law to which no response is required.

3.    Paragraph 3 sets forth conclusions of law to which no response is required.

4.    Paragraph 4 sets forth conclusions of law to which no response is required.

**The Parties**

5.    Paragraph 5 sets forth conclusions of law to which no response is required. To the extent that the second sentence in Paragraph 5 refers to U.S. Service Mark Registration No. 3,007,458 for the term "CrossFit" for fitness training services, Defendants deny that Plaintiff

owns protectable interests in the service mark. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6. Defendants deny that Chelmsford Sports Club is offering exercise programs under the name "CrossFit," and admit the remaining allegations in Paragraph 6.

7. Defendants deny that Donny Mustapha is offering exercise programs under the name "CrossFit," and admit the remaining allegations in Paragraph 7.

## Background

8. Defendants deny that Plaintiff's "sales" or "marketing activities" contributed to the development of a fitness training regimen, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 8. To the extent that the second sentence of Paragraph 8 alleges that Plaintiff holds intellectual property rights in the name "CrossFit" in the field of fitness training, Defendants deny the allegation; otherwise, Defendants admit that Plaintiff sells licenses to use the "CrossFit" name to affiliates that have received particularized training and a certificate from Plaintiff as alleged in the second sentence of Paragraph 8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 8. Defendants admit that the "CrossFit" name is widely recognized and deny the remaining allegations in the fourth sentence of Paragraph 8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 8.

9. Defendants admit that Plaintiff has engaged in trademark and service mark registration and deny the remaining allegations in the first sentence of Paragraph 9. Defendants admit the allegations in the second sentence of Paragraph 9. Defendants lack knowledge or

2

information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 9.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 10 that Plaintiff's certificate program is nationally standardized. Defendant denies the validity of Plaintiff's affiliate license agreements as alleged in Paragraph 10. Defendant denies the allegations in the third sentence of Paragraph 10. Defendant admits the remaining allegations in Paragraph 10.

### Defendants' Willful Infringement

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 11 that Chelmsford Sports Club offers and promotes its services in a manner that constitutes "use[] [of] the CrossFit Marks," and admits the remaining allegations in Paragraph 11.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of Paragraph 12 that the Chelmsford Sports Club's website description of its exercise programs constitutes "using the CrossFit Mark," denies the allegations in that sentence to the extent that it alleges that Chelmsford Sports Club's website describes each of its exercise programs "by using the CrossFit Mark," and admits the remaining allegations in Paragraph 12.

13.     Defendants admit that Chelmsford Sports Club is not affiliated with Plaintiff, admit that that the Chelmsford Sports Club promotes its services on its website, lack knowledge or information sufficient to form a belief as to the truth of the allegations that such promotion constitutes "use[] [of] the CrossFit Marks," and deny the remaining allegations in Paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Chelmsford Sports Club "use[s] ... the CrossFit Marks" and denies the remaining allegations in Paragraph 14.

15.     Defendants admit that Plaintiff has not expressly authorized or licensed Chelmsford Sports Club to use any trademark or service mark as alleged in the first sentence of Paragraph 15, deny "infringing uses of the CrossFit Marks" by Chelmsford Sports Club as alleged in the second sentence of Paragraph 15, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 16 that Chelmsford Sports Club "uses the CrossFit Marks," and denies the remaining allegations in Paragraph 16.

17.     As for the allegations in the first sentence of Paragraph 17, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of Plaintiff's prior use of any alleged service marks or trademarks; to the extent that the alleged "CrossFit Marks" referenced include a service mark for the term "CrossFit" for fitness training services, Defendants deny the validity of the mark and therefore deny that Chelmsford Sports Club was and is aware of Plaintiff's valid ownership thereof, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of Plaintiff's valid ownership of any other service mark or trademark; and Defendants admit Chelmsford Sports Club's awareness of Plaintiff's registration of that service mark in U.S. Service Mark Registration No. 3,007,458, and of other service marks and trademarks. As for the allegations in the second sentence of Paragraph 17, Defendants deny the alleged infringement, deny that

Plaintiff sought to resolve this issue amicably, deny that Plaintiff sufficiently informed Chelmsford Sports Club of the measures necessary and sufficient to comply with Plaintiff's demands despite Defendants' repeated enquiries, lack knowledge or information sufficient to form a belief as to the truth of the allegation that Chelmsford Sports Club has engaged in "use of the CrossFit Marks," and admit the remaining allegations in the second sentence of Paragraph 17.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Chelmsford Sports Club has engaged in "use of the CrossFit Marks," and deny the remaining allegations in Paragraph 18.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Chelmsford Sports Club has engaged in "use of the CrossFit Marks," and deny the remaining allegations in Paragraph 19.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Chelmsford Sports Club has engaged in "use of the CrossFit Marks," and deny the remaining allegations in Paragraph 20.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Chelmsford Sports Club website is or will be viewed by consumers "in connection with the CrossFit Marks," and deny the remaining allegations in Paragraph 21.

22.     Defendants deny the allegation that Chelmsford Sports Club has engaged in "infringing use of the CrossFit Marks" and admit the remaining allegations in the first sentence of Paragraph 22. Defendants admit that Donny Mustapha, in the midst of negotiations between the parties toward affiliation, agreed to remove and did remove certain content from the

Chelmsford Sports Club website; deny that the removed website content constituted "infringement"; and admit the remaining allegations in the second and third sentences of Paragraph 22. Defendants admit that on or before June 4, 2013, after Plaintiff recanted on its promise to allow Defendants to pursue affiliation, Chelmsford Sports Club again made use of the "Crossfit" name, deny that said use constituted trademark infringement or required Plaintiff's permission, and deny the remaining allegations in the fourth sentence of Paragraph 22. Defendants deny that Plaintiff had "no choice but to file this action," deny that Plaintiff's refusal to respond to Donny Mustapha's repeated enquiries as to what measures would be sufficient to comply with Plaintiff's demands constitutes a refusal by Mr. Mustapha to comply, and admit the remaining allegations in the fifth sentence of Paragraph 22.

### FIRST CLAIM
### Trademark Infringement (15 U.S.C. § 1114)
### (Against Chelmsford Sports Club and Donny Mustapha)

23.     Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

24.     Paragraph 24 sets forth conclusions of law to which no response is required.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31.

**SECOND CLAIM**
**False Designation of Origin (15 U.S.C. § 1125(a))**
**(Against Chelmsford Sports Club and Donny Mustapha)**

32.    Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

33.    Defendants deny the allegations in Paragraph 33.

34.    Defendants deny the allegations in Paragraph 34.

35.    Defendants deny the allegations in Paragraph 35.

36.    Defendants deny the allegations in Paragraph 36.

**THIRD CLAIM**
**Trademark Dilution (15 U.S.C. § 1125(c))**
**(Against Chelmsford Sports Club and Donny Mustapha)**

37.    Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

38.    Paragraph 38 sets forth conclusions of law to which no response is required.

39.    Defendants admit that Plaintiff has marketed and advertised its business and that the "CrossFit" name has become recognizable in the fitness industry; deny that Plaintiff's service marks and trademarks have become instantly recognizable and distinctive in the fitness industry, have gained secondary meaning, and have become both distinctive and famous; and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 39. The second sentence of Paragraph 39 sets forth conclusions of law to which no response is required.

40.    Defendants deny the allegations in Paragraph 40.

41.    Defendants deny the allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

### FOURTH CLAIM
### Unfair and Deceptive Trade Practices (Chapter 93A)
### (Against Chelmsford Sports Club and Donny Mustapha)

44.     Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

45.     Paragraph 45 sets forth conclusions of law to which no response is required.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants admit that Plaintiff notified Defendants of its demands, which they attempted to accommodate by offering to take down, and then taking down, certain content from the Chelmsford Sports Club website, including references to Plaintiff's name; and deny that Plaintiff sufficiently informed Chelmsford Sports Club of the measures necessary and sufficient to comply with its demands, and otherwise deny the remaining allegations in Paragraph 48.

49.     Defendants admit to taking down content from the Chelmsford Sports Club website that mentioned the "CrossFit" name while negotiations between the parties toward affiliation pending, but again began using such content on its website when it became clear that Plaintiff's offer was illusory, and deny the remaining allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

### AFFIRMATIVE DEFENSES

Defendants Donny Mustapha and Chelmsford Sports Club ("Defendants") assert the following defenses without undertaking or otherwise shifting any applicable burden of proof.

Defendants reserve the right to supplement or amend this answer, including by asserting additional defenses, as warranted by information learned or obtained during discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

51.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

52.     Plaintiff's trademark registrations, including U.S. Service Mark Registration No. 3,007,458 for the term "CrossFit" for fitness training services, are invalid and therefore Plaintiff lacks standing to bring its claims under the Lanham Act against Defendants.

### THIRD AFFIRMATIVE DEFENSE
### (Fair Use)

53.     The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

### FOURTH AFFIRMATIVE DEFENSE
### (Loss of Rights through Abandonment)

54.     Plaintiff has abandoned its trademark rights through improper, "naked" licensing. Plaintiff licenses the use of its trademarks without adequate quality control or supervision to ensure the quality of the services and/or goods provided under the marks by licensees.

### FIFTH AFFIRMATIVE DEFENSE
### (Loss of Rights through Generic Use)

55.     Plaintiff has lost its trademark rights for the term "CrossFit" for fitness training services because it has become generic as a common descriptive term for a broad category of services.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver and Acquiescence)

56.     Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver and acquiescence. Plaintiff unreasonably led Defendants to believe that it would not assert any trademark rights against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

57.     Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff offered, but then improperly and unreasonably withheld its offer, to permit Chelmsford Sports Club to become an affiliate. Plaintiff is not entitled to equitable relief, as it is guilty of conduct directly related to the merits of the controversy between the parties, sufficient to affect the equitable relations between the parties. Defendants have been injured by Plaintiff's said conduct, which continued at least through the time of filing of this action.

## EIGHTH AFFIRMATIVE DEFENSE
### (Functionality)

58.     Plaintiff's claims are barred, in whole or in part, on the basis that any marks and use of marks at issue is functional.

## NINTH AFFIRMATIVE DEFENSE
### (Trademark Misuse)

59.     Plaintiff's claims are barred, in whole or in part, by the doctrine of trademark misuse.

## TENTH AFFIRMATIVE DEFENSE
### (No Infringement)

60.     Defendants have not infringed any applicable trademarks under federal law.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No False Designation of Origin)

61.     Defendants have not falsely designated the origin of any goods or services under federal law.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Dilution)

62.     Defendants have not caused harm to any famous mark under federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Causation)

63.     Plaintiff's claims against Defendants are barred because Plaintiff's damages, if any, were not caused by Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Damage)

64.     There has been no damage by reason of any act alleged against Defendants in the Complaint and therefore the relief prayed for in the Complaint cannot be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

65.     Plaintiff's claims are barred, in whole or in part, because any infringement by Defendants, if any, was innocent.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

66.     Any infringement by Defendants, if any, was not willful.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

67.     Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that  it will suffer any irreparable harm from Defendants' actions.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law)

68.     The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Therefore, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

69.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take the steps necessary to mitigate the damages sustained, if such damages exist.

## TWENTIETH AFFIRMATIVE DEFENSE
### (First Amendment)

70.     Plaintiff's claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Duplicative Claims)

71.     Without admitting that the Complaint states a claim, any remedies are limited to the extent there is an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## PRAYER FOR RELIEF

WHEREFORE, defendants Donny Mustapha and Chelmsford Sports Club ("Defendants") deny that plaintiff CrossFit, Inc. ("Plaintiff") is entitled to any relief it seeks in its prayer for relief, and respectfully request that this Court issue judgment as follows:

A.     That Plaintiff take nothing by the Complaint;

B.      That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

C.      That through naked licensing, Plaintiff has abandoned its service mark for the term "CrossFit" for fitness training services (and any other trademark or service mark asserted by Plaintiff in this action), or, in the alternative, that the service mark for the term "CrossFit" for fitness training services (and any other trademark or service mark asserted by Plaintiff in this action) has become generic; and that U.S. Service Mark Registration No. 3,007,458 (and trademark or service mark registration asserted by Plaintiff in this action) should therefore be cancelled pursuant to 15 U.S.C. § 1064(3);

D.      That Defendants be awarded their costs and reasonable attorneys' fees incurred this action; and

E.      Granting such other and further relief as the Court deems just and proper.

Dated: July 18, 2013

Respectfully submitted,

Defendants Donny Mustapha
and Chelmsford Sports Club

/s/  Dan Booth
Daniel G. Booth (BBO# 672090)
BOOTH SWEET LLP
32R Essex Street, Suite 1A
Cambridge, MA 02139
Telephone: (617) 250-8602
Facsimile: (617) 250-8883
dbooth@boothsweet.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Answer by using the Court's ECF system on this July 18, 2013, thereby causing a true copy of said document to be served upon counsel of record for Plaintiff.

/s/  Dan Booth