UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **CROSSFIT, INC.,** ) ) | |
| Plaintiff, ) ) | |
| ) | Civil Action No. |
| v. ) | 13-11498-FDS |
| ) | |
| **DONNY MUSTAPHA and CHELMSFORD** ) **SPORTS CLUB,** ) ) | |
| Defendants. ) ) | |

### MEMORANDUM AND ORDER
### ON PLAINTIFF'S MOTION TO STRIKE

**SAYLOR, J.**

This is an action for trademark infringement. Plaintiff CrossFit, Inc., is a Delaware corporation principally engaged in the business of fitness training. Defendant Donny Mustapha runs the Chelmsford Sports Club in North Chelmsford, Massachusetts. Plaintiff alleges defendants have infringed on their registered "Crossfit" mark.

Plaintiff's motion for a preliminary injunction against defendants' use of the mark was granted by order of the Court on September 30, 2013. Plaintiff also moved to strike, pursuant to Fed. R. Civ. P. 12(f), certain statements made in the affidavit of Donny Mustapha offered in support of defendants' opposition to the motion for preliminary injunction. For the following reasons, that motion will be granted.[1]

Pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading "any redundant,

---

[1] The Court did not rely on any of the challenged potions of the affidavit when deciding the preliminary injunction motion.

immaterial, impertinent, or scandalous matter." However, Rule 12(f) specifically gives the Court discretion as to whether or not to strike a particular matter, and motions to strike are generally disfavored. *See Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (citing *Soni v. Boston Med. Ctr. Corp.*, 683 F. Supp. 2d 74, 92 (D. Mass. 2009); *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)).

The challenged portions of the affidavit contain argument, inadmissible opinion, pure legal conclusions, and/or hearsay not within the declarant's personal knowledge. Such statements, at a minimum, are immaterial because they are not helpful to the trier of fact when considering a motion for preliminary injunction. They will accordingly be struck. *See, e.g.*, *Tyco Healthcare Group LP v. Kimberly-Clark Corp.*, 463 F. Supp. 2d 127, 131 (D. Mass. 2006); *Unleashed Doggie Day Care, LLC v. Petco Animal Supplies Stores, Inc.*, 2011 WL 6812642, at *7 n.1 (D. Mass. Dec. 28, 2011); *Bumpus v. National Credit Union Admin.*, 1992 WL 97984, at *2 (D. Mass. Apr. 29, 1992).

For the foregoing reasons, plaintiff's motion to strike is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: October 18, 2013   United States District Judge