UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CROSSFIT, INC., </br></br>   Plaintiff, </br></br> v. </br></br> DONNY MUSTAPHA, individually and d/b/a CHELMSFORD SPORTS CLUB, </br></br>   Defendants. | Civil Action No. 1:13-cv-11498-FDS </br></br> **DEFENDANTS' COUNSEL'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL** |

Counsel for Defendants Donny Mustapha ("Mustapha") and Chelmsford Sports Club (the "Club") (collectively, "Defendants") respectfully submits this Motion for Leave to Withdraw as Counsel and requests that this Court grant the undersigned leave to withdraw as counsel of record for Defendants.

Pursuant to Local Rule 83.5(c)(2), counsel's withdrawal requires leave of court where no substitute counsel has appeared, where motions are pending, and where a trial date and hearings are scheduled, as in this case. Leave to withdraw may be granted in the Court's sound discretion. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir. 1985); *see also id.* at 132 (granting leave to withdraw where party did not cooperate with counsel or accept his advice concerning the procedure to be followed to attempt to resolve the issues in the case). In pertinent part, Massachusetts Supreme Judicial Court Rule 3:07, Mass. Rules of Prof'l Conduct R. 1.16(b) provides that leave to withdraw may be granted when, among other things,

> (3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
>
> (4) the client fails substantially to fulfil an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

1

>(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
>(6) other good cause for withdrawal exists.

*Miller v. Dunn & Phillips, P.C.*, 839 F. Supp. 2d 383, 385 (D. Mass. 2011) (quoting Mass. Rules of Prof'l Conduct R. 1.16(b)).

Leave to withdraw should be granted in this case. Without divulging any client confidences, the attorney-client relationship between undersigned counsel and Defendants has broken down irreparably as a result of Defendants' repeated failure to cooperate with counsel, irreconcilable conflicts over litigation tactics, and tardy payment for services.

Defendants have persisted in pursuing objectives that counsel considers imprudent under Mass. Rules of Prof'l Conduct R. 1.16(b)(3). An "imprudent" action is one "likely to be so detrimental to the client that a reasonable lawyer could not in good conscience assist it, after considering the extent ... to which withdrawal may cause harm to the client." Restatement (Third) of the Law Governing Lawyers § 32 cmt. j (1996). As counsel and Defendants diverged over the proper conduct of the litigation, Defendants have repeatedly failed to cooperate with counsel over strategy and have knowingly failed to fulfill their financial obigations to pay for services rendered. *See* Mass. Rules of Prof'l Conduct R. 1.16(b)(4). The fractured relationship has been exacerbated by Defendants' "knowing disregard for his obligations of fair dealing and good faith efforts not to make the attorney-client relationship more costly to the attorney than it would be with a fully cooperative client." *Hammond v. T.J. Litle & Co.*, 809 F. Supp. 156, 163 (D. Mass. 1992) (allowing counsel to withdraw from representing client after breakdown in attorney-client relationship); *see also* Mass. Rules of Prof'l Conduct R. 1.16(b)(5).

The undersigned counsel has notified Defendants of his intent to withdraw and advised them to retain new counsel and has agreed to cooperate fully with Defendants' new counsel in tranferring responsibility for the case once they are retained.

"'The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.'" *Fonaro v. Gannon*, 124 Fed. App'x 8, 11 n.4 (1st Cir. 2004) (quoting Model Rules of Prof'l Conduct R. 1.16 cmt. [3]). To protect Defendants' interests, and avoid breaching the attorney-client privilege, the undersigned counsel has not attatched hereto any documentation of the specifics of the breakdown in cooperation, but shall provide the same to the Court for *in camera* review if the Court so requires.

Dated: November 14, 2013                    Respectfully submitted,


/s/ Dan Booth
Daniel G. Booth (BBO# 672090)
BOOTH SWEET LLP
32R Essex Street, Suite 1A
Cambridge, MA 02139
Telephone: (617) 250-8602
Facsimile: (617) 250-8883
dbooth@boothsweet.com

*Counsel for Defendants*
*Donny Mustapha and*
*Chelmsford Sports Club*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Motion for Leave to Withdraw as Counsel by using the Court's ECF system on this November 14, 2013, thereby causing a true copy of said document to be served upon counsel of record for Plaintiff; and, further, that I sent a copy of the foregoing to Defendants by electronic mail.

/s/ Dan Booth

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)**

I hereby certify that on November 13, 2013, the undersigned counsel called Plaintiff's counsel to confer on this motion, and Plaintiff's counsel consented to the relief requested herein.

/s/ Dan Booth