UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CROSSFIT, INC., ) | Civil Action No. 1:13-cv-11498-FDS |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| DONNY MUSTAPHA, individually and ) | |
| d/b/a CHELMSFORD SPORTS CLUB, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF DONNY MUSTAPHA

I, Donny Mustapha, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the owner of the Chelmsford Sports Club (the "Club") and am authorized to make this affidavit on its behalf. I am writing this affidavit in response to the motion for contempt of Preliminary njunction by CrossFit, Inc. ("Plaintiff") jointly against The Club and myself personally. I make this affidavit on the basis of my personal knowledge, based on my experience, knowledge, duties and responsibilities involving the Club.

**Defendant's Affidavit in response to Contempt Motion by Plaintiff CrossFit Inc.**

2. From the dates of October 1, 2013 to October 24, 2013 the CrossTrain Sports Club URL www.cscfitness.com underwent significant changes to comply with The Preliminary Injunction Order. Please see Attached hereto as Exhibit A, to see a true copy of The site as it was published before The Preliminary Injunction was placed on September 28, 2013

3. The Chelmsford Sports Club had been Marketing a program titled, CrossFit Style Outdoor BootCamp. When The Club re-branded as The CrossTrain Sports Club it no longer marketed nor continued running this program. The URL as a whole had already removed over 200 CrossFit Style references that were in logo format, program design, and in various descriptive formats as seen in Exhibit A of this Affidavit.

Just as one tree does not constitute a forest, an isolated instance of oversight should not constitute direct malice and contempt, when weighed against the enormous good faith effort shown by defendants vigorous approach of compliance.

B. The page in question titled CrossTrain Fitness Services at The CSC, was formerly titled CrossFit Style CSC. CrossFit Style CSC would not have been noticeable on the site without highlighting the text. The highlighted white text is an oversight. (Exhibit B) Their was a page in Mr Kleinssasar's affidavit that also had over sighted white title text. (Exhibit C).Whereas the defendant did know of the existence it would have impossible to remove. As with every other request the defendant in good faith removed the text when notified.

4. The CrossTrain Sports Club has not set up a yelp review page under the new brand. Yelp is a social networking engine that gives consumers an opportunity to communicate with true, fair reviews of a business they have visited.
Yelp has become an important part of public image for most small businesses, as major search engines have now given rank to business's with great reviews. The downside is negative reviews cannot be removed. The Yelp item in question was the reason The CrossTrain Sports Club has not set up any social media review

pages, is the social attacks by CrossFit affiliates, from around the world that had never been to The Chelmsford Sports Club. (EXHIBIT D) The CrossTrain Sports Club fears being run out of business again and has shut down check-ins to its new Facebook and social media pages . By allowing members to check in, they are also allowed to review. This is a major contributor to gaining brand recognition, however The CrossTrain Sports Club cannot enjoy this privilege.

The yelp page that in Mr. Kleinssasar's Affidavit was from the Chelmsford Sports Club when the club was located at 3 Gay Street. That information has not been changed either, because the page is no longer in use. Please see (Exhibit E) The same Yelp page also highlighted programs like Bikram Yoga, which the club has not had since 2012.

The Defendant cannot remove an item that they did not know was still in Existence. Upon notification Defendant removed item in question.  (emphasis added).

6. The defendant exhausted significant funds to reconfigure the metatags on the new website, to comply with the order. Meta tags would best be described as html coding utilized by search engines to identify and help consumers find your Product . Modern website software provides recommendations for Meta tag phrases and keywords, depending on the text provided on the site. Please see attached (Exhibit F).

7. The keywords, Box, High Intensity, WOD, are not the intellectual property of the Plaintiff and have become commonly used in fitness Culture. The Plaintiff's domain www.crossfit.com is in the form of an open source blog, which would make it a source that can also be referenced without

expressed permission from the Plaintiff. However, the Plaintiff agreed to text that Allowed defendant to reference www.crossfit.com. Please see ( Exhibit G).

8. The phrase The CSC offers Fitness services based on the workouts at CrossFit.com for $49.99 a month was how The Search Engine Wizard read the Site and has not been posted or utilized by the Defendant. The program will Conduct a read on the site and give a general statement, that will allow search engines to find your business. The program reads each page and gives a summation of the site.

The most consistent text on each page is the disclaimer that the plaintiff approved neatly and prominently placed in the top right corner coded into the header of the site, along with the facility price of $49.99 which is also coded into the header of the site. (Exhibit H)

9. Plaintiff sent a letter to defendant with the following text included in the letter. "CSC may place the comparative phrase on the site, but CSC cannot use CrossFit as part of their slogan. In order to qualify as legitimate comparative advertising, CSC must clearly state the basis for the comparison, the comparison must be truthful, and CSC must in a prominent disclaimer at the bottom stating 'The CSC is in not affiliated, associated with or endorsed by CrossFit Inc.'" This was sent by Plaintiff to the Defendant as an official response to Defendant's proposed uses. (Exhibit I )

Defendant once again in good faith adhered strictly to the guidelines of the plaintiff, when using the term Crossfit on any of the clubs websites which include a Facebook website, A Blogger website and a general website. All three are websites and the Plaintiff never stipulated where and how and to what

magnitude they would like comparative phrases to be used. The Plaintiff was well aware of the defendants comparative campaign. On a website run by CrossFit Inc. titled The CrossFit Rip Off Report, the Plaintiff acknowledges the defendant's comparative campaign by stating to an angry member of the Crossfit community. " It here's our prices and here are The CrossFit Gyms in town prices, that seems fine". "However its not fair and would be rather unethical to open up a fast food chain and call it McDonald's style burgers, and then compare price". ( Exhibit J) .

This response was given after angry affiliates questioned CrossFit Inc. and began to once again slander the defendant, on the Plaintiffs website titled The CrossFit Rip Off Report. (Exhibit K) .

The CrossFit Rip Off Report was the website that started online riot that put the Chelsmford Sports Club out of business and has caused irreparable harm to defendant. Attached are some of the comments about the Chelsmford Sports Club from the attacks in August, 2013. ( Exhibit L).

10. Attached is picture of the Defendants attempt to begin using the guidelines provided by the plaintiff and begin comparatively advertising. (Exhibit M)

11. Out of fear that this storm of attacks was about to rise again, defendant immediately withdrew from using the comparative advertising guidelines provided by the plaintiff.

Defendant once again was caused harm by the Plaintiffs inability to allow the legal process take place. Plaintiff's General Consul makes it clear that this is

encouraged when he declared. " The wheels of justice grind slowly, I wish I could go in their with our team of ninjas and slice a few throats and leave a love note." CrossFit Inc's CEO Greg Glassman gave the best portrayal of this stomp and stampede approach when declaring his affiliates are " more like a biker gang than a church" (Exhibit N)

Using this website to police the defendants compliance of the Preliminary injunction and not conferring with the defendant is in direct violation of The Preliminary Injunction. And is causing defendant catastrophic, financial harm and duress. Attached is a true copy of the defendants monthly recurring monthly billing report. The report begins in July 2013 to November 2013. The report clearly identifies the loss of revenue experienced by the defendant due to the plaintiffs continuous slander and bullying. (Exhibit O)

12. Defendant has no knowledge of providing protection of Website pages. Defendant request Plaintiff give sufficient evidence and process of such practice if such process exist so defendant can protect it's websites against attacks from Crossfit INC.

13. Plaintiff has no intellectual property claim to the term CrossKick.

14. The defendant has removed all comparative phrases that fell into the approved criteria by the Plaintiff out of fear of online attacks.

15. All references to the term CrossFit are in the format of a disclaimer that the Plaintiff requested be placed prominently. The disclaimer is built into the header of the website . A current true copy of the website can be seen at www.cscfitness.com

16. All references to CrossFit on the defendants Facebook Website are all references that Plaintiff approved and gave no discretion on usage. The disclaimer that the Plaintiff approved hyperlinks www.crossfit.com. Plaintiff provided Meta Data records in their Affidavit which demonstrates sufficient technical knowledge and would draw a conclusion that when the Plaintiff approved the disclaimer, Plaintiff would have understood that a URL will automatically hyperlink.

17. The image portrayed by Plaintiff regarding a Facebook page is based on a skewed understanding of hyper linking and social networking. In an attempt to provide security, face book will post the background information of the posting source. The disclaimer that the plaintiff approved was built into the source information of the defendants blog, information that the Plaintiff approved. When hyper linking between the two websites www.blogger.com and www.facebook.com the source information is displayed. (Exhibit P).

18. The statistics that the plaintiff provided are correct. However, Every post that has a reference to Crossfit is in the context that Plaintiff approved. Plaintiff based its entire argument in seeking preliminary injunctive relief on the merits of public confusion. Plaintiff's consul Victor Polk made jest of the former disclaimer referencing his inability to see it. Please see attached examples (Exhibit Q)

   In good faith the Defendant is abiding by the guidelines and only referencing CrossFit in the context they approved. Looking to seek sanctions when the defendant is in direct compliance is another example of the malicious attacks by the plaintiff.

19. Any comparative advertising done by the CSC was done following the

guidelines that were set in place by the Plaintiff.

20. Disclaimers are posted on the CSC Websites in the context approved by the plaintiff, without any guidelines other than "NO OBJECTION".

21. Defendant removed all Comparative advertising references for fear of continued attacks by the plaintiff.

22  Defendant's only link to www.crossfit.com are in the text that Plaintiff approved.

23. Plaintiff gave no other insight into what format they would like the agreed upon text to be used. Defendant has experienced undue financial harm buy the continued abuse of this order. Defendant fears constant and continued slander and deformation by CrossFit Inc. and affiliates. Defendant has been extremely careful to make sure that all post that are entered on CSC social media has the disclaimer that CrossFit Inc. approved.

24. Plaintiff admits that defendant has not used any of the objected items that defendant originally proposed.

25. Defendant ran a Groupon Campaign that did not include any references to CrossFit. (Exhibit R)

                                             Defendants Donny Mustapha
                                             and Chelmsford Sports Club

/s/ Don Mustapha

166 Middlesex Street
North Chelmsford, Ma 01863
Telephone: (978) 805 - 8396
Boxer2323@gmail.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Opposition to Plaintiff's Motion For Preliminary Injunction by using the Court's ECF system on this December 1, 2013, thereby causing a true copy of said document to be served upon counsel of record for Plaintiff.

/s/ Don Mustapha