IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CROSSFIT, INC., | ) |
| **Plaintiff,**  Civil Action No.: | ) |
| | |
| DONNY MUSTAPHA, individually and | ) |
| d/b/a CHELMSFORD SPORTS CLUB, | ) |
| Defendant | ) |

COUNTER CLAIM BY DEFENDANT AGAINST PLAINTIFF CROSSFIT INC.

Plaintiff Donny Mustapha and d/b/a Chelmsford Sports Club (collectively , "Plaintiffs") Brings this Counter Complaint against Defendants CrossFit Inc., collectively
( CrossFit Inc. General Consul Dale Saran, employee CrossFit Inc.),
( CrossFit Inc. Regional Media Director, CrossFit Inc. employee CrossFit Inc. ),
(Ronnie Breire, d/b/a CrossFit Objective),  (William Lexner, d/b/a CrossFit Boost) ,
(Chris Cooper d/b/a CrossFit Catalyst), (Maximus Lewin d/b/a CrossFit South Bay),
(Danny Dee d/b/a  CrossFit Potential ) (d/b/a Corey Linhart, d/b/a , CrossFit Invalesco),
(Michael Jones d/b/a CrossFit),
**( List to be amended upon release by the defendant of Plaintiff's Facebook Grand Opening Event )**

**Plaintiff,  respectfully alleges as follows:**

### Nature of Action

Plaintiffs, Donny Mustapha  d/b/a  Chelmsford Sports Club, bring this action against:
(CrossFit Inc.), ( CrossFit Inc. , General Consul Dale Saran CrossFit Inc..),
(CrossFit Inc., Chris Cooper , Regional Media Director),
(Ronnie Breire ,  d/b/a CrossFit Objective), (William Lexner,  d/b/a CrossFit Boost),
(Chris Cooper d/b/a CrossFit Catalyst), (Maximus Lewin , d/b/a CrossFit South Bay),
(Aaron Landes d/b/a CrossFit Lando), (Danny Vee d/b/a  CrossFit Potential) ,
(Corey Linhart, d/b/a , CrossFit Invalesco),  (Michael Jones d/b/a CrossFit)

for damages caused by their publication of defamatory and false statements that were maliciously and fraudulently publicized with the intent to harm Plaintiffs. Plaintiffs also assert that Defendants used the defamatory and false statements to improperly interfere with Plaintiff's advantageous relations with current and prospective customers as well as their employees.

PARTIES

1. Plaintiff ,Donny Mustapha  d/b/a owns a fitness facility in North  Chelmsford, Ma. Located at 166 Middlesex Street.

2. Defendant ,CrossFit, Inc. is a Delaware based corporation principally is engaged in the business of fitness training and consultancy and affiliated fitness locations

3. Defendant CrossFit Inc. General Consul, Dale Saran, Upon information and belief is employed by CrossFit Inc.

4. Defendant CrossFit Inc. Director of Media Relation, Chris Cooper, upon information and belief Chris Cooper is employed by CrossFit Inc. Upon information and belief Chris Cooper is the owner of d/b/a CrossFit Catalyst, located at, 99 Industrial Court B, Salt Suite, Marie, On.

5. Defendant, CrossFit Inc. Affiliate, Gina Toccani, Upon information and belief Gina Toccani is the owner and operator of d/b/a CrossFit Lowell, located at , 2 Industrial Way, Lowell, Ma, 01852

6. Defendant, CrossFit Inc. Affiliate, Ronnie Breire, upon information and belief Ronnie Breire is the owner and operator of d/b/a CrossFit Objective , located at 1, New Boston Road, Dracut, Ma.

7. Defendant , CrossFit Inc. Affiliate, William Lexner, Upon information and belief William Lexner is the owner and operator of d/b/a CrossFit Boost, located at, 51 Nap Center, Brockton, Ma.

8. Defendant, CrossFit Inc. Affiliate , Maximus Lewin, Upon information and belief Maximus Lewin is the owner and operator of d/b/a CrossFit East Bay, located at, 66 Franklin Street, Oakland , California.

9. Defendant, CrossFit Inc. Affiliate, Aaron Landes, Upon information and belief Aaron Landes is the owner and operator of  d/b/a CrossFit Lando, located at 10 Micro Drive , Woburn, Ma.  01801

10. Defendant CrossFit Inc. Affiliate , Danny Vee, upon information and belief Danny Vee is the owner and operator of d/b/a CrossFit Potential , located at 5 Perkins Way, Newburyport, Ma.

11. The Plaintiff owned and operated the now closed Chelmsford Sports Club which was located in North Chelmsford, Massachusetts. The plaintiff began conducting fitness services as far back as 1996. Plaintiff began conducting fitness services in North Chelmsford, in 2009 in a 500 square foot Studio. Plaintiff has received International and community awards in recognition for achievements in conducting fitness services and martial arts. Plaintiff began in martial arts at age four, and had a Jr. Martial Arts / Boxing Program at The Chelmsford Sports Club. Plaintiff looked to expand location at 51 Middlesex Street, North Chelmsford to current location at 166 Middlesex Street.  Upon relocating Plaintiff began marketing a grand opening event for the new location.

12. Plaintiff's fitness services included Hot Yoga, Boxing Boot Camp, Tanning , Jr. Boxing / Martial Arts, and a contemplated program titled "Cross Fit Style Training."

13. Plaintiff's need to relocate the facility was due to the success of the Boxing Boot Camp, which sold over 700 trial memberships from Jan. 2013 to August, 2013. Plaintiff also sold 300 Hot Yoga memberships in that time frame and 150 tanning memberships.

14. The Plaintiff sought to add The Contemplated "Cross Fit Style" program to an already well established business.

15. Plaintiff had represented to the Defendant in previous correspondence that they wished to affiliate with the Defendant and was willing to pay any fees associated with affiliation. Defendant made clear to the Plaintiff they would not affiliate the Plaintiff. Plaintiff notified Defendant in an email correspondence in May 2013 they wished to make nominative use of the term CrossFit.  Defendant ceased correspondence with Plaintiff and instead filed a complaint on June 21, 2013.

16. At this time Plaintiff retained consul and directed consul to confer with Defendant's consul in regards to allowing the Plaintiff to affiliate, making clear the Plaintiff had a licensed trainer and would furnish any cost immediately to the Defendant.

17. Defendants consul responded to this with a demand for $20,000 from the Plaintiff. Defendants consul could still not clarify what they felt was an appropriate use of the term.

18. Plaintiff began to market a Grand Opening of the new facility on Facebook on August 19, 2013. The Facebook events page had "Cross Fit Style Training" in the title.

19. The Defendant empowered a website titled CrossFit Rip Off Report to police their trademark online. Defendant has made claim to the Plaintiff through Consul that they do not run or operate the website. This falls in direct contrast to Defendant's claim of strictly policing their trademark and enforcing trademark protection for the term CrossFit.

20. The CrossFit Rip Off Report posted the first comment on The Chelmsford Sports Club Page. This was the first of what would turn into a three day coordinated online attack. "What do you plan on doing when you get a cease and desist letter from CrossFit Inc. asking to stop stealing their trademark, just curious thanks."  This comment was removed.

21. The CrossFit Rip Off Report then posted on the CrossFit Rip Off Report page calling for members of the CrossFit community to go on to the Chelmsford Sports Club Personal Page with their comment, "We posted a comment on The Chelmsford Sports Club Page and was deleted." "post your own comments on their page, send us

a screenshot." The CrossFit Rip-Off Report placed a direct link on the *Chelmsford Sports Club* site.

22. This began an onslaught of comments being poured onto the page from CrossFit Inc. Affiliate owners around the world. The affiliates began attacking members of the page. And then went as far as to start posting in the pages rating section, which leaves a permanent online footprint. *The Chelmsford Sports Club* never responded.

23. The attack of the Plaintiffs personal page was led by CrossFit Inc.'s Employee, Media Director Chris Cooper who was the first to enter the club's Facebook review rating system and declared " Why would anyone train here, they are clearly lacking integrity." Chris Cooper then posted a one star rating. Chris Cooper the went onto the main page and declared, "Let's call this place 'NotFit.'" Mr. Cooper's comments got over 25 approvals From other CrossFit Inc. affiliates worldwide.  Chris Cooper has been employed by CrossFit since 2009 and is recognized in the CrossFit Community. Chris Cooper has never been to The *Chelmsford Sports Club*.

24. William Lexner d/b/a CrossFit Boost placed a threatening call to the Plaintiff, stating "I suggest you change your name." Mr. Lexner then went into The *Chelmsford Sports Club's* rating system, and reported a one star rating, followed with the comment "you get what you give in CrossFit." William Lexner has never been to the *Chelmsford Sports Club*.

25. Corey Linhart d/b/a CrossFit Invalesco, followed the lead of Chris Cooper with " Get your cheap 'training' while you can. The legal hammer will be coming down hard on these fools".  Chris Cooper then placed a 1 star review in The Chelmsford Sports Club rating system. Corey Linhart has never been to the *Chelmsford Sports Club*.

26. Michael Jones d/b/a  CrossFit XSI followed the lead of Chris Cooper with "CrossFit Rip-off!" He gave the Chelmsford Sports Club a 1 star review. Michael Jones has never been to The *Chelmsford Sports Club*.

27. Maximus Lewin d/b/a CrossFit East Bay followed the lead of Chris Cooper "Poor trainers, bad set up, IP thieves"  Maximus Lewin gave *The Chelmsford Sports Club* a 1 star review. Maximus Lewin has never been to The Chelmsford Sports Club.

28. Matt Michaud d/b/a CrossFit Everproven, followed the lead of Chris Cooper going into the review section stating  "Place is a Rip-off." Matt Michaud gave *The Chelmsford Sports Club* a 1 star review. Matt Michaud has never been to The *Chelmsford Sports Club*.

29. Danny Vee d/b/a CrossFit Potential posted to The CrossFit Rip Off Report a direct link to The Chelmsford Sports Club Yelp page. With the attached phrase, '*The Chelmsford Sports Club* doesn't have anything on their Yelp page suggesting their a Rip-Off Gym, interesting" This was clearly done to encourage page readers to post

on The Chelmsford Sports Club Yelp page, which they did. Danny Vee, once again referenced The Chelmsford Sports Club.

30. The Grand Opening Page was now the target of a social media attack, with defamatory statements ranging in numbers from 1,500 - 2,000 statements almost entirely by CrossFit Inc. Affiliates, with clear malice and no basis. The posts mostly referenced The *Chelmsford Sports Club* but began to attack the Plaintiff personally prior to being disabled. *This number will be substantiated upon defendants consul releasing the Plaintiffs Facebook grand opening page.*

31. Ronnie Breire d/b/a CrossFit Objective named the Plaintiff personally. Stating "we have known about these guys for months." "I left this gym because Donny (plaintiff) was triple charging my members." "Donny went as far as to forge my name on a lease."

32. Branden Petersen d/b/a CrossFit Free named The Plaintiff in a post stating "Donny get you head put out of your ass, and walk away."

33. The post from CrossFit Inc. affiliates became exponentially worse as they began to involve directly threatening the Plaintiff. This was led by CrossFit Inc.'s **General Consul,** Dale Saran. Dale Saran, is a pillar in The CrossFit community. CrossFit Inc. concedes that Dale Saran has written numerous articles to CrossFit affiliates on how to aggressively police The CrossFit Trademark. Maximus Lewin made a post asserting "These pretenders need to be crushed. I am personally offended by their existence." Lewin then tagged Russell Green, Russell Burger, and Dale Saran. CrossFit Inc. Attorney, Dale Saran, replied with a post containing "Maximus: we are already in a Lawsuit with Chelmsford." and "The Wheels of Justice Grind Slowly. I wish I could go in with our ninjas in the night, slit a few throats and leave a love note, but that's not terribly productive or strictly speaking legal." Saran's legal office is based in Weymouth, Massachusetts, less than 30 minutes away from the Plaintiff.

34. Plaintiff immediately reached out to a member of the Defendent's legal team, Mojda Najafi, asking to please do something about the attacks as they have gone to far. Defendant never responded. The posts on the Plaintiffs Facebook page were now mostly violent and threatening. The local CrossFit Affiliates started making claims of crashing The Grand Opening. One went as far to say they would be doing 'thrusters' on people's heads and inviting others to tailgate in the parking lot. The Plaintiff now feared immense physical harm for himself and members so he placed an emergency call to The Chelmsford Police.

35. The Plaintiff filed a Police report against CrossFit Inc.'s General Consul Dale Saran.

36. Upon suggestion of The Chelmsford Police, Plaintiff canceled the Grand Opening of the facility and has been forced out of business.

37. The Plaintiff was caused further harm by Defendants' enforcing injunctive relief which supported the defamatory statements by The Defendants and Defendant's affiliates.

## Count One
(intentional Interference With Advantageous Relations)
(Against Defendants)

37. Plaintiffs hereby re-allege and incorporate by reference the foregoing paragraphs of the Complaint as if fully slated herein.

38. Plaintiff possessed a prospective economic advantage in the fitness marketplace derived from their reputation, credibility, and the good will they have generated with existing and prospective customers in other aspects of fitness services.

39. CrossFit Inc., CrossFit Inc. employees, and CrossFit Inc.'s affiliates knew about Plaintiff's continuing efforts to promote the products and services they sell through their facility that are not relevant to the term CrossFit.

40. Defendants knew about Plaintiff's marketing efforts by targeting existing and prospective customers on the Plaintiff's Facebook pages not the opposite.

41. Defendants have intentionally interfered with the prospective business advantages of the non-related CrossFit programs and their relationships (or potential relationships) with existing and prospective customers through malicious, fraudulent, and frivolous means precipitated by improper motives. Defendants posted fraudulent content that directly interfered with any and all non-CrossFit, related relationships.

42. As a direct and proximate result of Defendants' willful misconduct Plaintiff's prospective business and personal advantages are irreparably damaged. Plaintiff has suffered and will continue to suffer substantial, irreparable harm.

## Claim Two
( Deformation )
( Against Defendant's)

43. Plaintiffs hereby re-allege and incorporate by reference the foregoing paragraphs of the Complaint as if fully stated herein.

44. Defendants' statements and reviews regarding The *Chelmsford Sports Club* were defamatory. Defendant's posted the reviews without ever entering The Chelmsford

Sports Club or using any of the The Chelmsford Sports Club's services.

45. Defendants' statements and/or message that *The Chelmsford Sports Club* was a Rip-off Gym was made without any basis, is untrue, and were made to cause harm to The Plaintiff and as a result defamed the Plaintiff.

46. Defendants' statements and/or message that Plaintiff is unethical and immoral are false and untrue, and without basis of fact. Defendant placed these statements in the review section of The Chelmsford Sports Club, which were made under fraudulent terms and were meant to cause harm to the Plaintiff.

47. By making the statements on the Plaintiff's Facebook Page, which is considered the Plaintiff's personal property, these statements were a direct personal violation and attack of the Plaintiff, Donny Mustapha. Mustapha, has a personal viewer ship of nearly 15,000 viewers a day on his Facebook pages. Defendants used Mustapha's name personally and have caused irreparable harm to Mustapha's reputation, personal relationships, and advantageous business relationships.

48. Defendants published the false, fraudulent, and defamatory statements with malicious intent, ill-will, and/or with the knowledge that the statements were false, or with reckless disregard as to the falsity of the statements.

49. As a direct and foreseeable consequence of Defendants' defamation Plaintiff has suffered monetary damages, emotional distress, and fear of bodily harm. Mr. Donny Mustapha and Plaintiffs have sustained unquantifiable and irreparable harm in the form of injury to their reputation in Plaintiff's field of business which has been harmed beyond repair.

## Unfair and Deceptive Trade Practices (Chapter 93A)
## (Against CrossFit Inc. )

48. Plaintiff re-alleges and incorporates herein each of the allegations set forth in paragraphs 1 through 47 above.

49. At all relevant times herein, the parties were acting in trade or commerce, as that term is constructed in Massachusetts General Laws Chapter 93A.

50. Defendants' conduct constitutes one or more unfair and deceptive acts in violation of Chapter 93A and has resulted in irreparable harm to the Plaintiff..

51. Defendants' conduct was done primarily and substantially in the Commonwealth of Massachusetts.

52. In addition to the other claims articulated above, Defendants have conceded to strict control over CrossFit Affiliates. Defendants have conceded that CrossFit Inc.'s General Counsul Dale Saran was responsible for writing publications, and educating

    affiliates on policing the CrossFit trademark. CrossFit Inc. is directly responsible for the actions of their affiliates and employees.

53. Defendants granted permission to The CrossFit Rip-Off Report to police the CrossFit trademark. The CrossFit Rip-Off Report was the source of Defendants online attack. CrossFit Inc. is directly responsible for the actions of The CrossFit Rip-Off Report.

54. Chris Cooper is employed by CrossFit Inc. Chris Cooper was the first individual to post a fraudulent rating on The Chelmsford Sports Club review section. CrossFit Inc. is directly responsible for the action of Chris Cooper as an employee of CrossFit Inc.

55. Defendant admits in a sworn Affidavit, written under penalties of perjury, that the internet has become a robust tool for quality control. This statement clearly indicates that Defendant knew the affects their willful, fraudulent reviews would have.

55. Plaintiff has been injured by Defendants' unfair and deceptive trade practices. Award of up to treble damages plus interest for willful or knowing unfair business practices regarding violations of Chapter 93A.

WHEREFORE, Plaintiff , demands judgment as follows:

(a) Enter judgment against Defendants on all counts of the Complaint;

(h) Award Plaintiff treble damages in an amount to be determined at trial, plus their reasonable attorney fees and the costs of this action;

(c) Enter a Declaration that the Defendants have published defamatory statements of and concerning the Plaintiffs;

(d) Remove current  Preliminary Injunction, as it directly supports the willful, deformation Of the Defendant and continues to cause irreparable harm to the Plaintiff.

(e) Enter a $ 6,000,000.  asset attachment pursuant to Mass. R. Civ. P. 4.1 and 4.2. On CrossFit Inc, on the likelihood of success of this case on the Plaintiffs merits and finding in similar defamation cases.

(f) Enforce fines on Defendants in pursuant to Federal Trade Commission statute 16 CFR Part 255 for each wrongful, fraudulent review posted to the Plaintiffs review section.

(g) Such other and further relief as the Court deems proper.

**Request For A jury trial**

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues triable as of right to a jury.

Respectfully Submitted,

Donny Mustapha. Pro Se, Litigant
North Chelmsford, Ma. 01863

Dated: December 30, 2013