UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CROSSFIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> DONNY MUSTAPHA, individually, and d/b/a CHELMSFORD SPORTS CLUB, <br><br> Defendants. | Civil Action No. 13-11498 |

**CROSSFIT'S RESPONSE TO DEFENDANTS' REQUEST
FOR "EMERGENCY DISCOVERY RELIEF UNDER RULE 40.4"**

Plaintiff CrossFit, Inc. ("CrossFit") submits this response to the "Motion to Request Emergency Discovery Relief Under Rule 40.4" (the "Motion") filed by Defendants Donny Mustapha, individually ("Mustapha"), and d/b/a Chelmsford Sports Club (the "Club") (Mustapha and the Club together, "Defendants").[1]  CrossFit does not object to Defendants obtaining the information they seek and, indeed, have attempted to aid Defendants in obtaining the requested information.  CrossFit does not understand, however, the basis for the present Motion or the Court's authority to order the requested relief.  CrossFit does not understand (1) why Defendants have not availed themselves of the procedures available for obtaining third party discovery, (2) how Defendants can claim an "emergency" need for information that is unavailable (or available on a non-emergency basis), (3) how this Court can order discovery against a foreign third party, or (4) how the federal statute and local rule on which Defendants rely are applicable under the circumstances here.

---

[1] In their Motion, Defendants refer to themselves as "Plaintiffs."  While Defendants have filed a Counterclaim, CrossFit initiated the instant action by filing a Complaint.

1

**RELEVANT BACKGROUND**

In August 2013, CrossFit notified Facebook that content on two of Defendants' Facebook pages – namely, content on the Club's Facebook page and a separate "Crossfit Style Training Grand Opening" Facebook page – was infringing CrossFit's trademark rights. A few weeks later, Facebook removed the infringing content from the Facebook pages.

In November 2013, Defendants requested that CrossFit ask Facebook to restore the content of the "Crossfit Style Training Grand Opening" Facebook page, claiming that the page included more than 1,000 comments from CrossFit and CrossFit affiliates. After several meet-and-confer conferences, CrossFit agreed to instruct Facebook to restore the complete "Crossfit Style Training Grand Opening" Facebook page on the condition that Defendants permanently deactivate the page within 24 hours after it was restored. On January 6, 2014, CrossFit instructed Facebook to restore the page.

Notwithstanding CrossFit's agreement to contact Facebook, on January 9, 2014, Defendants filed their Motion. Citing Local Rule 40.4[2] and 18 U.S.C. § 2703, Defendants ask the Court to "invoke its power to obtain [the contents of the two Facebook pages] in a timely manner so the court may proceed with judicial process." In support of its Motion, Defendants assert that electronically stored data is only required to be retained for 180 days, and that "[s]ubpoenas filed to Facebook will not allow for discovery within the 180 days." Defendants also ask the Court for assistance in obtaining the "identity of the Facebook page 'The CrossFit Rip-Off Report,'" a webpage that is not owned or operated by CrossFit.

On January 13, 2014, Facebook advised CrossFit that it is "unable to restore events once they have been deleted." CrossFit forwarded the e-mail from Facebook to Defendants.

---

[2] Defendants rely on "Rule 40.4 of the Federal Rules of Civil Procedure." CrossFit assumes Defendants are referring to Local Rule 40.4.

## ANALYSIS

Although it is unclear what, exactly, Defendants are asking the Court to do, it appears that they seek a court order compelling Facebook to produce (1) the full content of the Club's Facebook page for the period August 1, 2013 to October 1, 2013; (2) the full content of the "Crossfit Style Training Grand Opening" Facebook page for the period August 1, 2013 to October 1, 2013, and (3) the identity of the administrator of the "CrossFit Rip-Off Report" Facebook page.  For the reasons below, Defendants' Motion should be denied.

First, Defendants' request is premature.  In order to obtain discovery from a non-party like Facebook, Defendants must serve a subpoena pursuant to Fed. R. Civ. P. 45.  *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").  Defendants are well aware of their obligation to seek non-party discovery by way of a subpoena; indeed, they have filed a subpoena *in this action* directed to non-party Wild West Domains, LLC.  (Docket Entry No. 61).  Because Defendants have not requested or attempted to serve a subpoena on Facebook for the discovery they seek, their motion is premature and should be denied.

Second, Defendants' request lacks any basis because the webpage information Defendants seek is no longer available and, therefore, there is no "emergency."  When CrossFit asked Facebook to reactivate the "Crossfit Style Training Grand Opening" page, Facebook explained that it is "unable to restore events once they have been deleted."  Because the content of these Facebook pages is unavailable, Defendants' Motion should be denied.  To the extent Defendants continue to seek the identity of the administrator of the "CrossFit Rip-Off Report" Facebook page, there is no emergency, and they may subpoena Facebook pursuant to the federal rules in the ordinary course.

Third, even if there were an urgent need for the requested information (and there is not), the Court appears to lack the authority to grant the relief requested in the Motion. Facebook is not a party, and Defendants do not allege that Facebook or the content on the webpages are located within this judicial district. Even if Defendants were to serve a subpoena, only the district court in the district where the requested material is located could order production of the material. Fed. R. Civ. P. 45(a)2)(C).

Fourth, the federal statute and local rule on which Defendants rely are inapplicable. Defendants purport to move under Local Rule 40.4, which applies to "Emergencies and Special Proceedings." But none of the circumstances under which a "Miscellaneous Business Docket Judge" are present here: there is no indication that the judge already assigned to this case is unavailable, and this is not a "special proceeding, the nature of which precludes their assignment in the ordinary course" (such as a grand jury investigation or a discovery matter for a case pending in another district). *See* Local Rule 40.4(a). Local Rule 40.4 simply does not apply in these circumstances.

Defendants also purport to move under Section 2703(d) of the Stored Communications Act, 18 U.S.C. § 2702, *et seq.*, a statute addressing disclosure of stored wire and electronic communications held by third party internet service providers. Section 2703, however, only empowers *government entities*, not private parties like Defendants, to compel an internet service provider to disclose customer content. § 2703(a). Subsection (d), under which Defendants seek relief, lists the requirements for issuing court orders after a "governmental entity" has presented "specific and articulable facts" showing that the requested electronic communications "are relevant and material to an ongoing *criminal investigation*." § 2703(d) (emphasis added). This provision clearly does not apply here, where Defendants are private parties and there is no pending criminal investigation.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion should be denied.

Respectfully Submitted,

CROSSFIT, INC.,
By its attorneys,


/s/ *Zachary C. Kleinsasser*
Victor H. Polk, Jr., BBO# 546099
polkv@gtlaw.com
Zachary C. Kleinsasser, BBO# 664291
kleinsasserz@gtlaw.com
Greenberg Traurig, LLP
One International Place
Boston, Massachusetts  02110
Tel: (617) 310-6000
Fax: (617) 310-6001

Dated:  January 15, 2014


## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that paper copies will be sent to those indicated as non-registered participants on January 15, 2014.

/s/ *Zachary C. Kleinsasser*
