UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CROSSFIT, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DONNY MUSTAPHA, individually and )<br>d/b/a CHELMSFORD SPORTS CLUB, )<br>)<br>Defendants. ) | CIVIL ACTION<br>NO. 13-11498-FDS |

**ORDER ON DEFENDANTS'
EMERGENCY MOTION FOR DISCOVERY**

This matter is before the court on the "Defendants' Emergency Motion For Discovery" (Docket No. 62).  After consideration of the parties' written submissions and their oral arguments, and as explained more fully in open court, the defendants' emergency motion is DENIED.

Briefly, by their motion, the defendants are seeking an order pursuant to Section 2703(d) of the Stored Communications Act, 18 U.S.C. § 2703(d), and Local Rule 40.4, directing the social networking site Facebook to preserve and produce the contents of the defendants' main Facebook page for the defendants' business, the contents of the defendants' "Facebook Grand Opening Event" page, and the identity of the administrator of the Facebook page "The Crossfit Rip-Off Report."  (Docket No. 62).  However, Facebook is not a party to this case, and the defendants have not shown that this court has authority to grant the requested relief.  Section 2703(d) of the Stored Communications

Act, under which defendants seek relief, authorizes a court of competent jurisdiction to issue a court order directing an electronic service provider to disclose the contents of its subscriber's wire or electronic communications after a "*governmental entity*" has presented "specific and articulable facts" demonstrating that the requested electronic communications "are relevant and material to an ongoing *criminal investigation*." 18 U.S.C. § 2703(d) (emphasis added). Here, the defendants are private entities who are parties to a civil dispute involving no criminal investigation. Therefore, under Section 2703(d), this court has no authority to issue an order to Facebook.

Moreover, defendants have failed to establish that an emergency situation exists which would eliminate their obligation to seek the information from Facebook pursuant to a subpoena issued under Fed. R. Civ. P. 45. See Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). That rule specifically addresses commands to produce electronically stored information, and provides that "[a] subpoena may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 45(a)(1)(C). After Facebook responds to the subpoena, the issues will be framed and the defendants and Facebook can present their dispute to the court, if necessary.

Finally, the defendants know the identity of persons who allegedly filed defamatory material on the web pages and can pursue the information they are seeking through subpoenas directed to those third parties.

For these reasons, and those discussed in open court, the defendants' motion is premature, and their request for emergency discovery relief must be denied.

          / s / Judith Gail Dein
          Judith Gail Dein
          U.S. Magistrate Judge

DATED: January 24, 2014