UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CROSSFIT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 13-11498-FDS |
| | ) | |
| DONNY MUSTAPHA d/b/a | ) | |
| CHELMSFORD SPORTS CLUB, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO DISMISS AND MOTION TO STRIKE COUNTERCLAIMS AGAINST THIRD PARTIES**

SAYLOR, J.

**I.    Background**

This is an action for trademark infringement. Plaintiff CrossFit, Inc. alleges that defendant Donny Mustapha, d/b/a Chelmsford Sports Club, has infringed on its registered "Crossfit" trademark. Defendant Mustapha, who is proceeding *pro se*, has counterclaimed against plaintiff and several other parties, alleging defamation, intentional interference with advantageous relations, and violations of Mass. Gen. Laws ch. 93A. Plaintiff has moved to dismiss the counterclaim and to strike the counterclaims against the third parties.

**II.   Analysis**

    **A.    Leave to File the Counterclaim**

On June 21, 2013, plaintiff filed the complaint in this case, which alleges that defendant infringed on its trademark in violation of federal and state law. Defendant filed an answer to the complaint on July 22, 2013. On December 29, 2013, defendant purported to file a counterclaim against plaintiff and several other individual third parties, who are all allegedly affiliated with

plaintiff. The purported counterclaim asserts claims against plaintiff and those individuals for interference with advantageous relations, defamation, and unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A.

Under Rule 15(a)(1), a party may amend its pleading as a matter of course within 21 days after serving it. All other amendments require the opposing party's consent or leave of court. Fed. R. Civ. P. 15(a)(2). Defendant cannot simply add a counterclaim to his answer, because it was filed more than five months after his answer to the complaint. Because defendant is proceeding *pro se*, the Court will construe his filing as a motion to amend his answer to add the counterclaim.

As a general matter, leave to amend a pleading "should be granted unless the amendment would be futile or reward undue delay." *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009).[1] In substance, the proposed counterclaim alleges that plaintiff orchestrated a campaign of defamation against defendant by directing its employees and affiliates to post false criticisms of the Chelmsford Sports Club on the Internet. Plaintiff contends that each of the alleged defamatory statements in the proposed counterclaim are constitutionally protected speech because they are opinions, not statements of fact. "To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To establish a defamation claim under Massachusetts law, a plaintiff must show (1) that

---

[1] Plaintiff has moved to strike the third parties added by the counterclaim based on defendant's undue delay in filing the counterclaim. Although defendant filed the counterclaim late, because defendant is proceeding *pro se*, the Court will not strike any claims or defendants as untimely.

the defendant made a statement concerning the plaintiff to a third party; (2) that the statement could damage the plaintiff's reputation in the community; (3) that the defendant was at fault in making the statement; and (4) that the statement either caused the plaintiff economic loss or is actionable without proof of economic loss. *Shay v. Walters*, 702 F.3d 76, 81 (1st Cir. 2012) (citing *Ravnikar v. Bagojavlensky*, 438 Mass. 627, 629-30 (2003)).

Under the First Amendment, opinions are constitutionally protected and cannot form the basis of a defamation claim. *See Gertz v. Welch*, 418 U.S. 323, 339-40 (1974). However, "a cause of action for defamation may still be sustained where an opinion 'implies the allegation of undisclosed defamatory facts as the basis for the opinion.'" *Yohe v. Nugent*, 321 F.3d 35, 41 (1st Cir. 2003) (quoting *National Ass'n of Gov't Employees, Inc. v. Central Broad. Corp.*, 379 Mass. 220, 227-29 (1979)). "An 'expression of opinion based on disclosed or assumed nondefamatory facts is not itself sufficient for an action of defamation, no matter how unjustified or unreasonable the opinion may be or how derogatory it is.'" *Id.* (quoting *Dulgarian v. Stone*, 420 Mass. 843, 847 (1995)). In addition, "[s]tatements that contain 'imaginative expression' or 'rhetorical hyperbole' are protected." *Levinesque v. Doocy*, 560 F.3d 82, 89 (1st Cir. 2009). When evaluating whether statements qualify as opinion or hyperbole, a court must consider all the words used, give weight to cautionary terms used by the person publishing the statement, and consider all the circumstances surrounding the statement. *See Yohe*, 321 F.3d at 41.

The allegedly defamatory statements in the proposed counterclaim were all posted as comments on various online forums or review websites. With one exception, however, all of the statements are hyperbole or opinion. Such statements cannot form the basis of a defamation claim. *See Yohe*, 321 F.3d at 42.

Defendant contends that because several of the individuals gave the Chelmsford Sports Club a one-star review, their reviews are defamatory. The basis of that contention is that these individuals have, by writing a review, implicitly warranted that their review is based on an actual use of the services of the club. Because these individuals have never used the club's services, defendant contends, their reviews and ratings are not merely opinion or hyperbole but are factual statements.

The Court can find no authority for the contention that the review format makes opinion or hyperbole actionable. In cases where a party has properly based a defamation claim on an orchestrated campaign of online reviews, courts have held that the particular statements at issue were not mere opinion or hyperbole. *See NTP Marble, Inc. v. AAA Hellenic Marble, Inc.*, 2012 WL 607975, at *1, 6 (E.D. Pa. Feb. 27, 2012) (defamation claim based on a series of negative online reviews that factually criticized the plaintiff's services survived summary judgment). In addition, it is clear from the written content of the allegedly defamatory reviews here that the reviewers have not based their reviews on their actual personal experiences at the Chelmsford Sports Club.

Thus, the majority of the statements in this case cannot form the basis of a defamation claim because they are opinion or hyperbole. Adding a defamation counterclaim based on those statements would be futile.

However, the alleged statements by Ronnie Breire appear to be of a different character. The proposed counterclaim alleges that Breire posted a comment in which he said, "I left this gym because [plaintiff] was triple charging my members," and "[Plaintiff] went as far as to forge my name on a lease." (Countercl. ¶ 31). Those statements can be proved true or false, and are

therefore not statements of opinion. The proposed counterclaim is therefore not entirely futile because it states a facially valid claim for defamation against Ronnie Breire.[2]

Accordingly, construing defendant's filing as a motion for leave to add a counterclaim, that motion will be granted as to Breire but denied as to all other parties.[3]

### B. Plaintiff's Motion to Dismiss

To properly state a defamation claim against plaintiff, the counterclaim must allege that plaintiff made the defamatory statements. *Shay*, 702 F.3d at 81. Defendant contends that because Breire is one of plaintiff's affiliates, it is responsible for his statements.

According to plaintiff's affiliate agreement, affiliates are granted a license to use plaintiff's trademark but are not its agents or employees. (Affiliate Agreement ¶ 5).[4] Defendant has made no allegation to the contrary. Therefore, even accepting the allegations as true, statements made by Breire cannot be attributed to plaintiff. Accordingly, the defamation claim will be dismissed against plaintiff.

The counterclaim's intentional interference and Chapter 93A claims are based entirely on the allegations of defamation, and therefore will also be dismissed against plaintiff. *See Fitzgerald v. Town of Kingston*, 13 F. Supp. 2d 119, 127 (1998) (dismissing claim for intentional interference as duplicative of dismissed defamation claim); *Dulgarian v. Stone*, 420 Mass. 843,

---

[2] A claim under Chapter 93A requires that the unfair or deceptive acts or practices must be performed "in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2(a). The counterclaim alleges that Breire made these statements while doing business as "CrossFit Objective," a fitness gym in Dracut, Massachusetts. (Def. Countercl. ¶¶ 6, 31).

[3] Plaintiff has also moved to strike the addition of third parties in the counterclaim. However, plaintiff does not object to the addition of Breire. Accordingly, plaintiff's motion to strike will be denied as moot.

[4] Although outside evidence cannot normally be considered on a motion to dismiss, an exception exists for essential documents that are not in dispute. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

therefore not statements of opinion. The proposed counterclaim is therefore not entirely futile because it states a facially valid claim for defamation against Ronnie Breire.[2]

Accordingly, construing defendant's filing as a motion for leave to add a counterclaim, that motion will be granted as to Breire but denied as to all other parties.[3]

### B. Plaintiff's Motion to Dismiss

To properly state a defamation claim against plaintiff, the counterclaim must allege that plaintiff made the defamatory statements. *Shay*, 702 F.3d at 81. Defendant contends that because Breire is one of plaintiff's affiliates, it is responsible for his statements.

According to plaintiff's affiliate agreement, affiliates are granted a license to use plaintiff's trademark but are not its agents or employees. (Affiliate Agreement ¶ 5).[4] Defendant has made no allegation to the contrary. Therefore, even accepting the allegations as true, statements made by Breire cannot be attributed to plaintiff. Accordingly, the defamation claim will be dismissed against plaintiff.

The counterclaim's intentional interference and Chapter 93A claims are based entirely on the allegations of defamation, and therefore will also be dismissed against plaintiff. *See Fitzgerald v. Town of Kingston*, 13 F. Supp. 2d 119, 127 (1998) (dismissing claim for intentional interference as duplicative of dismissed defamation claim); *Dulgarian v. Stone*, 420 Mass. 843,

---

[2] A claim under Chapter 93A requires that the unfair or deceptive acts or practices must be performed "in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2(a). The counterclaim alleges that Breire made these statements while doing business as "CrossFit Objective," a fitness gym in Dracut, Massachusetts. (Def. Countercl. ¶¶ 6, 31).

[3] Plaintiff has also moved to strike the addition of third parties in the counterclaim. However, plaintiff does not object to the addition of Breire. Accordingly, plaintiff's motion to strike will be denied as moot.

[4] Although outside evidence cannot normally be considered on a motion to dismiss, an exception exists for essential documents that are not in dispute. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

852 (1995) (the same for Chapter 93A claim).

### III. Conclusion

For the foregoing reasons, defendant's motion for leave to file a counterclaim is GRANTED as to Ronnie Breire and DENIED in all other respects. Defendant shall serve Breire within 42 days, or by April 21, 2014. Plaintiff's motion to dismiss the counterclaim as to the claims against it is GRANTED. Plaintiff's motion to strike is DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  March 10, 2014