UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CROSSFIT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 13-11498-FDS |
| ) | |
| DONNY MUSTAPHA, individually, ) | |
| and d/b/a CHELMSFORD SPORTS ) | |
| CLUB, ) | |
| ) | |
| Defendants. ) | |

# **ORDER ON PENDING MOTIONS**

This matter is before the court on (1) "CrossFit's Motion for a Finding of Contempt and Modification of Preliminary Injunction" (Docket No. 32); (2) the defendants' "Motion to Compel Non-Party Discovery" (Docket No. 80); (3) "CrossFit's Motion to Modify Preliminary Injunction" (Docket No. 88); and (4) "CrossFit's Motion to Compel Responses to Interrogatories and Document Requests" (Docket No. 110). After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

    1.    CrossFit's motion for a finding of contempt and for modification of the Preliminary Injunction (Docket No. 32) is DENIED WITHOUT PREJUDICE as follows:

        a.    In order to resolve the parties' dispute regarding the present scope of the Preliminary Injunction, and without admitting liability, the defendants have agreed to refrain from using the Protected Mark pending the outcome of the litigation. Therefore, by agreement, paragraph 4 of the Preliminary

     Injunction Order entered on September 30, 2013 shall be
     stricken.

  b.  The motion for a finding of contempt is denied without
     prejudice to renewal in the event the defendants fail to adhere
     to the terms of the Preliminary Injunction as modified herein.

2.  The defendants' motion to compel (Docket No. 80) is ALLOWED IN PART and DENIED IN PART as follows:

  a.  The plaintiff shall identify the two individuals from CrossFit
     who, in addition to Mr. Berger, were involved in the creation
     and/or operation of the CrossFit Ripoff Report.

  b.  The defendants shall work with Facebook to obtain the information
     requested from that entity. The motion to compel Facebook to
     respond to the defendants' discovery requests is otherwise denied.

  c.  To the extent either of the parties receives relevant information from
     Facebook, it shall disclose such information to the opposing party.

3.  With respect to CrossFit's February 25, 2014 motion to modify the Preliminary Injunction (Docket No. 88), it is hereby ORDERED as follows:

  a.  By **April 28, 2014**, the defendants shall provide the plaintiff
     with the potential variations of "CrossBox" (e.g., "Crossbox"
     or "Cross-Box"), "CrossKick," "CrossTrain," and any other
     version of "Cross" (other than "CrossFit") that they would
     agree to be restricted to using pending a final resolution of
     this case.

  b.  The plaintiff shall respond to the defendants' proposal by
     **May 2, 2014**.

  c.  The parties shall notify the court if they are able to reach an
     agreement. However, if no agreement has been reached, the
     parties shall appear for a hearing to address the plaintiff's
     motion on **May 7, 2014 at 10:30 a.m.** in Courtroom #15 on
     the 5th floor.

4. CrossFit's motion to compel responses to its discovery requests (Docket No. 110) is ALLOWED IN PART and DENIED IN PART as follows:

**Document Requests**

a. By **May 2, 2014**, the defendants shall produce all documents that are responsive to the plaintiff's requests for documents.

b. To the extent the defendants withhold any documents based on a claim of privilege, they shall list such documents on a privilege log and provide the log to the plaintiff by **May 14, 2014**.

**Interrogatories**

c. The defendants shall provide a written response to Interrogatory No. 2(e) regarding persons and/or third parties involved with the Marketing Effort. The response shall cover the time period from January 1, 2012 to the present.

d. The defendants shall provide a written response to Interrogatory No. 17 regarding expected, projected, and actual sales, revenues and profits. The response shall cover the time period from January 1, 2012 to the present.

e. The defendants shall provide a written response to Interrogatory No. 18 concerning the number of members of the Chelmsford and/or CrossTrain Club. The response shall cover the time period from January 1, 2012 to the present.

f. The defendants shall provide a response to Interrogatory No. 19 regarding the defendants' social media website or related service accounts. If appropriate, the defendants may respond by referencing documents.

g. The motion to compel a response to Interrogatory No. 20 is denied. The plaintiff may seek the requested information through deposition testimony.

h. The defendants shall provide a written response to Interrogatory No. 23 concerning their relationship with Austin Heckman. The response shall cover the time period from January 1, 2012 to the present.

i. The defendants shall provide a written response to Interrogatory Nos. 24(d), 24(e) and 24(f) relating to their communications with Mr. Breire. The response shall cover the time period from January 1, 2012 to the present. No response to Interrogatory Nos. 24(a), 24(b) or 24(c) is necessary.

j. The motion to compel a response to Interrogatory No. 25 is denied on the grounds that the Interrogatory is too broad. However, nothing herein shall preclude CrossFit from propounding a more narrowly tailored Interrogatory to the defendants.

k. The defendants shall complete all of their Interrogatory responses by **May 9, 2014**.

    / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge

DATED: April 25, 2014