UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
**CROSSFIT, INC.,**                             )
                                                )
      **Plaintiff,**    )
                                                )   Civil Action No.
      v.                )   13-11498-FDS
                                                )
**DONALD G. MUSTAPHA, individually and**        )
**d/b/a CHELMSFORD SPORTS CLUB,**               )
                                                )
      **Defendant, Third-Party**    )
      **Plaintiff, and Counterclaim**  )
      **Defendant,**                )
                                                )
      v.                )
                                                )
**RONNIE BRIERE, individually and d/b/a**       )
**CROSSFIT OBJECTIVE,**                         )
                                                )
      **Third-Party Plaintiff and**    )
      **Counterclaim Defendant.**      )
_____)

**MEMORANDUM AND ORDER ON**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

**SAYLOR, J.**

**I.**    **Background**

This is an action for trademark infringement. On June 21, 2013, plaintiff CrossFit, Inc. filed the complaint in this case against defendant Donald Mustapha, d/b/a Chelmsford Sports Club, alleging that he infringed on its registered "Crossfit" trademark. On December 29, 2013, Mustapha, who is proceeding *pro se*, filed counterclaims against Crossfit and third-party claims against various other parties (which Mustapha designated as a "counterclaim"). Those claims alleged defamation, intentional interference with advantageous relations, and violations of Mass. Gen. Laws ch. 93A. On March 10, 2014, the Court dismissed the counterclaims against Crossfit

and the claims against various other parties but granted plaintiff leave to file a third-party claim against Ronnie Briere.

On April 17, 2014, Mustapha filed a pleading entitled "First Counterclaim" that asserted new claims against Briere for breach of contract, defamation, and violations of Chapter 93A. On May 8, 2014, Briere filed an answer to that claim, and asserted a counterclaim against Mustapha for violations of Mass. Gen. Laws ch. 93A.

On May 23, 2014, Briere filed a motion for judgment on the pleadings, contending, among other things, that impleading him into this case was improper under Fed. R. Civ. P. 14(a)(1). On June 24, Mustapha filed a motion to amend his claims against Briere to add a claim for contributory trademark infringement.

## II. Analysis

### A. Motion for Judgment on the Pleadings

The present issue turns principally on the difference between a counterclaim and a third-party complaint. Rule 13 governs the assertion of counterclaims, which can only be made "against an opposing party." Fed. R. Civ. P. 13(a)(1), (b). The assertion of a third-party complaint is governed by Rule 14, which provides that "[a] defending party may . . . serve a summons and complaint *on a nonparty*" in certain circumstances. Fed. R. Civ. P. 14(a)(1) (emphasis added).

As noted, on April 17, 2014, Mustapha filed a so-called "First Counterclaim" against Briere. However, Briere was not a party to the original lawsuit between Crossfit and Mustapha. Mustapha's "First Counterclaim" is therefore properly classified as a third-party complaint under Rule 14, not a counterclaim under Rule 13. *Compare* Fed. R. Civ. P. 13(a)(1), (b) (governing

claims "against an opposing party") *with* Fed. R. Civ. P. 14(a)(1) (governing claims against "a nonparty").[1]

Pursuant to Rule 14, a party must obtain leave of court to file a third-party complaint if it seeks to do so more than fourteen days after it serves its original answer. Fed. R. Civ. P. 14(a)(1). Mustapha's original answer to the complaint was filed on July 18, 2013. His third-party complaint against Briere was filed on April 17, 2014, more than eight months later. His pleading will therefore be construed as a motion to file a third-party complaint under Rule 14(a)(1).

Rule 14 allows a defending party to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The purpose of the rule is to enable the defendant "to transfer to the third-party defendant the liability asserted against the defendant by the original plaintiff." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1446. As a result, Rule 14(a) "does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (quoting *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987)). "If the claim is separate or independent from the main action, impleader will be denied." *Katz v. Denn*, 2007 WL 763896, at *6 (D. Mass. Mar. 12, 2007) (quoting *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994)); *see also Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 393 (1st Cir. 1999).

---

[1] Mustapha's original claims against Crossfit, Briere, and several other nonparties were, technically speaking, a combination of a counterclaim and a motion for leave to add a non-party. *See* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1446. However, because the Court dismissed Mustapha's counterclaims against Crossfit, he cannot join Briere as a party to the dismissed counterclaim. *See. id.* § 1435 ("[A] counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party.").

"A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1446 (internal footnote omitted). Mustapha's third-party complaint in this case alleges, in substance, that Briere breached a lease agreement with him and posted defamatory comments about him on Facebook. There are no allegations in the complaint that Briere's liability to Mustapha arising out of that conduct would be affected by the outcome of the original trademark-infringement claims in this case. Because the claims against Briere, as alleged, are not derived from Crossfit's claims against Mustapha, Briere cannot be impleaded into this case under Rule 14. *See Katz*, 2007 WL 763996, at *6-7 (dismissing third-party complaint because it "in no way alleges, or even suggests, that the third-party defendants are secondarily or derivatively liable for plaintiff's claim against [defendant]").

### B. Motion to Amend

Mustapha has moved to amend his third-party complaint to add allegations that Briere is a contributory infringer of Crossfit's trademark. Leave to amend a pleading "should be granted unless the amendment would be futile or reward undue delay." *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009).

Construing Mustapha's pleadings in a generous light, he contends that impleading Briere through a claim of trademark infringement is proper because he would be entitled to contribution from Briere as a joint tortfeasor. Briere's liability on the claim of contributory trademark infringement would therefore be dependent on the outcome of Crossfit's trademark-infringement claims, as "[t]here can be no contributory infringement absent actual infringement." *Greenspan*

4

*v. Random House, Inc.*, 859 F. Supp. 2d 206, 219 (D. Mass. 2012) (quoting *Faulkner v. Nat'l Geographic Enters., Inc.*, 409 F.3d 26, 40 (2d Cir. 2005)).

Even assuming Briere is a contributory infringer, Mustapha's proposed amendment would be futile. A claim of trademark infringement is brought under the Lanham Act, and "[c]ourts have consistently concluded that there is no right to indemnification or contribution under the Lanham Act." *Wagner v. Circle W. Mastiffs*, 2010 WL 1009904, at *9 (S.D. Ohio Mar. 12, 2010) (collecting cases); *see also Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 16 (2d Cir. 1988) ("No express right of contribution exists under the Lanham Act, and [the district court] correctly concluded that it was inappropriate to imply such a right."); *Anderson v. Griffin*, 397 F. 3d 515, 523 (7th Cir. 2005) (acknowledging that "[c]ourts have become reluctant to recognize a right of contribution as a matter of either federal common law or of statute" and recognizing that the Lanham Act is one such act where contribution is unavailable). Thus, courts have denied motions to implead third parties if the request for impleader was based on the grounds that the third party would be liable under a theory of contributory trademark infringement. *See, e.g.*, *JFJ Toys, Inc. v. Toys "R" Us-Delaware, Inc.*, 2014 WL 1255859, at *6-7 (D. Md. Mar. 25, 2014); *Santana Products, Inc. v. Bobrick Washrom Equip., Inc.*, 69 F. Supp. 2d 678, 681-84 (M.D. Pa. 1999).

The situation here is similar. While Briere could conceivably be liable to Crossfit for trademark infringement, Mustapha cannot obtain contribution from Briere for his alleged violations of trademark law.[2] The proposed amendment would therefore be futile.

---

[2] Although it is conceivable that Mustapha may be entitled to contribution from Briere based on Crossfit's claims under Mass. Gen. Laws ch. 93A, that area of law is unsettled. *See Walter & Shuffain, P.C. v. CPA Mut. Ins. Co.*, 2008 WL 885994, at *6 (D. Mass. Mar. 28, 2008) (noting that the Massachusetts Supreme Judicial Court has never addressed the question of whether contribution is available under Chapter 93A). In any event, Mustapha has

5

Accordingly, Briere's motion for judgment on the pleadings will be granted, and Mustapha's motion to amend will be denied.[3]

**III.     Conclusion**

For the foregoing reasons, the motion of third-party defendant Ronnie Briere for judgment on the pleadings is GRANTED. The motion of defendant Donald Mustapha to amend is DENIED. The claims by Mustapha against Briere, and the claims by Briere against Mustapha, are DISMISSED without prejudice.

**So Ordered.**

                                                  /s/ F. Dennis Saylor
                                                  F. Dennis Saylor IV
                                                  United States District Judge

Dated: July 10, 2014

---

not alleged that he is entitled to contribution from Briere for alleged violations of Chapter 93A.

[3] Briere's third-party counterclaim against Mustapha for violations of Chapter 93A will also be dismissed because Briere cannot be impleaded into this case. *See* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1435 (where nonparty insurer was impleaded through third-party claims that were subsequently dismissed, crossclaims against the insurer were also dismissed because the insurer was no longer a party to the action).