# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

———————————————————
)
**CROSSFIT, INC.,**                                        )
)
    **Plaintiff,**                                )
)    **Civil Action No.**
    **v.**                                         )    **13-11498-FDS**
)
**DONNY MUSTAPHA, individually and**          )
**d/b/a CROSSTRAIN SPORTS CLUB,**              )
**f/k/a CHELMSFORD SPORTS CLUB,**             )
)
    **Defendant.**                              )
———————————————————)

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

**SAYLOR, J.**

This is an action for trademark infringement.  Plaintiff CrossFit, Inc., is a Delaware

corporation principally engaged in the business of fitness training.  Defendant Donny Mustapha,

who is proceeding *pro se*, runs the CrossTrain Sports Club in North Chelmsford, Massachusetts.[1]

CrossFit has brought suit against Mustapha, contending that he infringed on its registered

"CrossFit" trademark.  The complaint asserts four claims:  (1) trademark infringement under the

Lanham Act; (2) false designation of origin under the Lanham Act; (3) trademark dilution under

the Lanham Act; and (4) violation of Mass. Gen. Laws ch. 93A.

In September 2013, the Court entered a preliminary injunction enjoining Mustapha from

using the CrossFit mark and any substantially similar variation.[2]  In July and August 2014, both

---

[1] The CrossTrain Sports Club was formerly called the Chelmsford Sports Club.  It now appears to be called
the CrossBox Training Center.

parties moved for summary judgment.  CrossFit moved for summary judgment on its trademark

infringement claim and contended that Mustapha's use of the marks "CrossFit," "CrossBox,"

"CrossKick," and "CrossTrain" infringed on its trademark as a matter of law.  It also moved for

summary judgment on its Chapter 93A claim and requested statutory damages and attorneys'

fees.  Mustapha moved for summary judgment solely on the ground that CrossFit's claims were

barred by the doctrine of unclean hands.  In February 2015, Mustapha filed a trademark

application for "CrossBox" with the Trademark Trial and Appeal Board ("TTAB").  CrossFit

filed an opposition to that application in July 2015, and the TTAB suspended the proceeding

pending the outcome of this litigation.

The Court denied Mustapha's motion for summary judgment and granted CrossFit's

motion for summary judgment as to its infringement claim for Mustapha's use of the "CrossFit"

mark.  The Court, however, denied CrossFit's motion as to its infringement claims for the

"CrossBox", "CrossKick", and "CrossTrain" marks (the "new marks"), concluding that CrossFit

had not established a likelihood of confusion as a matter of law.  The Court granted summary

judgment for CrossFit on its Chapter 93A claim, but concluded that a trial was necessary to

determine whether Mustapha acted willfully for damages purposes.

CrossFit has moved for an entry of judgment because it wishes to proceed before the

TTAB in order to oppose Mustapha's application for the "CrossBox" mark.  Specifically,

CrossFit requests that the Court (1) enter judgment on its trademark infringement claim for the

"CrossFit" mark (Count One) and its Chapter 93A claim (Count Four), (2) convert the existing

---

[2] After CrossFit moved to modify the preliminary injunction, the Court adopted the report and recommendation of Magistrate Judge Dein in December 2014, which enjoined Mustapha from (1) using the phrase "Fitness isn't a sport it's a lifestyle," and (2) using "Fitness" (capitalized) when adjacent to "Cross."

preliminary injunction into a permanent injunction, and (3) award it statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $200,000.  CrossFit has stipulated to dismissing its claims for trademark infringement as to the new marks, its claim for treble damages for a willful violation of Chapter 93A, and its claims for Lanham Act false designation (Count Two) and trademark dilution (Count Three).  CrossFit has made those dismissals, however, "contingent upon the entry of a permanent injunction . . . and an award of statutory damages."  (Pl. Mem. 12).  Mustapha has opposed CrossFit's motion and has made an oral motion for reconsideration of the Court's summary judgment order.  Essentially, Mustapha contends that "CrossFit" is a generic mark not subject to protection under the Lanham Act.

For the following reasons, Mustapha's motion for reconsideration will be denied, and CrossFit's motion for an entry of judgment will be granted in part and denied in part.  The Court will award CrossFit statutory damages in the amount of $10,000.

## I.    <u>Background</u>

The relevant facts are set forth in the Court's November 16, 2015 summary judgment memorandum and order.  The following background is provided only for summary purposes.

CrossFit, Inc., is a sports fitness training company.  It owns sixteen federally registered trademarks and service marks for the word mark "CrossFit," including trademarks for fitness training, fitness equipment, nutritional supplements, computer software related to tracking exercises, entertainment services, clothing, and footwear.  The trademark for the "CrossFit" trade name and service mark used in connection with fitness training services, Registration No. 3,007,458, was issued on October 18, 2005.

The CrossTrain Sports Club is a fitness facility in Chelmsford that is owned by Donny

Mustapha.  In May 2012, Mustapha contacted CrossFit to determine the process for becoming an affiliate.  At some point between June and October 2012, Mustapha's club began offering "CrossFit" classes, although it was not in fact affiliated with CrossFit.  During that period, Mustapha also applied for affiliation with CrossFit.  After discovering Mustapha was using the "CrossFit" mark in 2012, CrossFit demanded that he remove all references to "CrossFit" on the club's website and promotional materials.  In January 2013, CrossFit discovered that Mustapha was still using the "CrossFit" mark.  CrossFit demanded that Mustapha immediately cease any use of the name.  Mustapha responded by promising to remove all references to "CrossFit" from the club's website and advertising materials.

In June 2013, CrossFit discovered that Mustapha had begun to use the term "CrossFit" again.  CrossFit then filed this action on June 21, 2013.  The complaint asserts claims for (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1), (2) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1), (3) trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c), and (4) unfair and deceptive trade practices in violation of Mass. Gen. Laws ch. 93A.

On August 29, 2013, CrossFit moved for a preliminary injunction to prevent Mustapha from using the "CrossFit" mark.  On September 30, 2013, the Court issued a preliminary injunction against Mustapha's use of the "CrossFit" mark, including any substantially similar variation, in connection with his fitness-training services.

After the preliminary injunction, Mustapha changed the name of the club from the "Chelmsford Sports Club" to the "CrossTrain Sports Club."  He also began promoting fitness training classes that he refers to as "CrossBox," "CrossKick," and "CrossTrain."  He also started

using the slogan, "Fitness isn't a sport it's a lifestyle"— a takeoff on the CrossFit slogan,

"Fitness as a Sport."

On February 25, 2014, CrossFit filed a motion to modify the preliminary injunction,

seeking, among other things, to prevent Mustapha from using the terms "CrossBox", "Cross

Kick", "CrossTrain", and  "Fitness isn't a sport it's a lifestyle", and to prevent him from using

the term "Fitness" when adjacent to the word "Cross" or any word containing the prefix "Cross."

Mustapha voluntarily stopped using the slogan "Fitness isn't a sport it's a lifestyle" after the

motion was filed.

The Court referred the motion to the Magistrate Judge for a report and recommendation.

After multiple intervening proceedings, on August 4, 2014, the Magistrate Judge recommended

that the motion be granted in part and denied in part.  After further proceedings, the Court

adopted the report and recommendation on December 4, 2014.  The preliminary injunction was

modified to provide that Mustapha was required to delete any remaining references to, and was

enjoined from using, the phrase "Fitness isn't a sport it's a lifestyle."  He was also required to

replace all references to "Fitness" (capitalized) with "fitness" (lower case) when adjacent to

"Cross," and was enjoined from using the word "Fitness" (capitalized) when adjacent to "Cross."

CrossFit's motion to modify the preliminary injunction to enjoin Mustapha's use of the terms

"CrossBox," "CrossKick," and "CrossTrain" was denied.[3]

In July and August 2014, both parties moved for summary judgment.  CrossFit moved for

summary judgment on its trademark infringement claim and contended that Mustapha's use of

the "CrossFit" mark and the new marks infringed on its trademark as a matter of law.  It also

---

[3] Although CrossFit sought a preliminary injunction and later, summary judgment as to Mustapha's alleged
infringement of the new marks, it never amended its complaint to include that relief.

moved for summary judgment on its Chapter 93A claim.  Mustapha moved for summary judgment solely on the ground that CrossFit's claims were barred by reason of unclean hands.  In February 2015, Mustapha filed a trademark application for "CrossBox" with the TTAB. CrossFit opposed Mustapha's application in July 2015, and the TTAB suspended the proceeding pending the outcome of this litigation.

The Court issued a memorandum and order denying Mustapha's motion for summary judgment and granting in part CrossFit's motion for summary judgment.  The Court granted summary judgment for CrossFit on its trademark infringement claim for Mustapha's use of the "CrossFit" mark.  The Court also granted summary judgment for CrossFit on its Chapter 93A claim.  The Court, however, denied CrossFit's summary judgment motion on its infringement claims for the new marks and on its allegations that Mustapha violated Chapter 93A willfully. On those issues, the Court determined that there were genuine issues of material fact warranting a trial.

## II.    <u>Analysis</u>

CrossFit has moved for entry of judgment on its trademark infringement and Chapter 93A claims.  CrossFit also requests that the Court convert the preliminary injunction into a permanent injunction, and award it statutory damages pursuant to 35 U.S.C. 1117(c) in the amount of $200,000.[4]  Finally, CrossFit has indicated that it is prepared to dismiss with prejudice Count Two, Count Three, any remaining trademark infringement claims for Mustapha's use of the new marks, and any remaining claims under Chapter 93A for Mustapha's allegedly willful

---

[4] During the hearing on its motion, CrossFit also indicated that it will be seeking attorneys' fees pursuant to Mass. Gen. Laws ch. 93A, § 11.

conduct.  Instead, CrossFit seeks to challenge Mustapha's application for the "CrossBox" mark

before the TTAB.

Mustapha opposes CrossFit's motion primarily on the ground that the Court's

conclusions at the summary judgment stage were incorrect.  During the hearing on CrossFit's

motion, Mustapha made an oral motion for reconsideration of the Court's summary judgment

order.  Specifically, Mustapha contends that the "CrossFit" mark is generic, and is therefore

unworthy of trademark protection.

## A.     Mustapha's Motion for Reconsideration

To support his contention that the "CrossFit" mark is generic, Mustapha raised several

pieces of evidence outside the summary-judgment record, including an Internet search he

conducted for the term "CrossFit" that produced a large number of results.

The Court will construe Mustapha's argument as an oral motion for reconsideration under

Fed. R. Civ. P. 59(e), and deny the motion.[5]  The "CrossFit" mark was federally registered and

had been in use for five consecutive years when Mustapha began to use it.  As the Court noted in

its summary judgment order:

> Whether a mark is afforded trademark protection depends upon where the mark
> fits along a spectrum of categories that includes generic, descriptive, suggestive,
> arbitrary, and fanciful marks.  *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S.
> 763, 768 (1992).  If a trademark is federally registered, it is entitled to a legal
> presumption of ownership and validity.  *See* 15 U.S.C. § 1115(a) (registration of
> mark "shall be prima facie evidence of the validity of the registered mark . . . and
> of the registrant's right to use the registered mark in commerce on or in

---

[5] The Court has "substantial discretion and broad authority" to grant a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).  *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008).  A motion for reconsideration will be granted upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension."  *Id.*  A Rule 59(e) motion cannot be used to "advance a new argument that could (and should) have been presented prior to the district court's original ruling."  *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003).  Nor is a Rule 59(e) motion an appropriate means to "repeat old arguments previously considered and rejected."  *National Metal Finishing Co., Inc. v. Barclays American/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990).

> connection with the goods or services specified in the certificate"); *Equine Techs, Inc. v. Equitechnology, Inc.*, 68 F.3d 542, 545 (1st Cir. 1995). A trademark in continuous use for at least five consecutive years subsequent to registration is "incontestable." *Volkswagenwerk Aktiengesellschaft v. Wheeler*, 814 F.2d 812, 820 (1st Cir. 1987). Mustapha does not contest that the "CrossFit" mark was federally registered and in use for five consecutive years. Accordingly, the mark is entitled to trademark protection.

(November 16, 2015 Order at 12). Mustapha still has not presented any legitimate evidence that the mark has become generic through the process known as genericide, an affirmative defense against alleged trademark infringement, or otherwise. *See Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007) ("Where the majority of the relevant public appropriates a trademark term as the name of a product (or service), the mark is a victim of 'genericide' and trademark rights generally cease."). Accordingly, Mustapha's motion for reconsideration will be denied.

## B.    Entry of Judgment and Permanent Injunction

CrossFit requests that the Court enter judgment on its trademark infringement claim for Mustapha's infringement of the "CrossFit" mark and on its Chapter 93A claim. The Court has already entered summary judgment for CrossFit as to those claims, and Mustapha has failed to provide a reason why the Court should not enter judgment. Accordingly, the Court will enter judgment for CrossFit on Counts One and Four.[6]

CrossFit also requests that the Court convert the existing preliminary injunction into a permanent injunction. The Court entered the preliminary injunction on September 30, 2013, and modified it on December 4, 2014. Under the Lanham Act, a court may permanently enjoin a

---

[6] The entry of judgment does not encompass (1) any claims against Mustapha for infringement of the new marks or (2) any claims against Mustapha for a willful violation of Chapter 93A. As discussed below, those claims will be dismissed in accordance with CrossFit's stipulation.

party found liable for trademark infringement where "the principles of equity warrant."  15

U.S.C. § 1116(a).  In addition to succeeding on the merits, a party seeking a permanent

injunction must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the [parties], a remedy in equity is warranted; and (4) that the public interest will not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006).  The Court, in granting the

initial preliminary injunction and again in modifying it, weighed those four factors and

concluded that CrossFit warranted equitable relief.  Nothing has changed since those

dates, except that CrossFit has succeeded on the merits of its trademark infringement

claim against Mustapha for his use of the "CrossFit" mark.  Accordingly, Mustapha will

be permanently enjoined from (1) using the "CrossFit" mark, including any substantially

similar variation, in connection with his fitness-training services, (2) using the phrase

"Fitness isn't a sport it's a lifestyle," and (3) using the word "Fitness" (capitalized) when

adjacent to "Cross."

### C.      **Statutory Damages**

Instead of attempting to prove actual damages at a trial, CrossFit has requested statutory

damages pursuant to 15 U.S.C. § 1117(c).  Section 1117(c) provides as follows:

> In a case involving the use of a counterfeit mark (as defined in § 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—

(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

(2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

The Lanham Act defines a "counterfeit mark" as a "counterfeit of a mark that is registered on the principal register in the [USPTO] for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered." 15 U.S.C. § 1116(d)(1)(B); *see also Gabbanelli Accordions & Imp., L.L.C. v. Gabbanelli*, 575 F.3d 693, 698 (7th Cir. 2009) ("[Defendant] placed the [plaintiff's] mark on accordions made by a company that was not authorized to manufacture accordions for sale in the United States under the [plaintiff's] name; this made its use of the name counterfeiting.").

It is undisputed that CrossFit's mark was registered and that Mustapha was not authorized to use the mark in connection with his club. Accordingly, because CrossFit has elected to proceed without attempting to prove that Mustapha's infringement was willful, it is entitled to an award of statutory damages of not less than $1,000 and not more than $200,000 under § 1117(c)(1).

The Lanham Act provides no guidance as to the determination of statutory damages, leaving the matter to the Court's discretion. CrossFit requests an award in the amount of $200,000, the maximum permissible for non-willful infringement under § 1117(c). In determining the appropriate amount of statutory damages, a district court is "only limited by what the court considers just." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004) (internal citation and quotations omitted). When awarding statutory

damages in trademark cases, "courts have tended to use their wide discretion to compensate

plaintiffs, as well as to deter and punish defendants . . . ." *Louis Vuitton Malletier & Oakley, Inc.

v. Veit*, 211 F. Supp. 2d 567, 583-84 (E.D. Pa. 2002).  In determining the appropriate amount of

statutory damages under the Lanham Act, courts have evaluated

> (1) the expenses saved and profits reaped by the defendant; (2) the revenues lost
> by the plaintiff; (3) the value of the [trademark]; (4) the deterrent effect on
> infringers other than the defendant; (5) whether the defendant's conduct was
> innocent or willful; (6) whether the defendant has cooperated in providing
> particular records from which to assess the value of the infringing material
> produced; and (7) the potential for deterring the defendant.

*Tiffany (NJ) LLC v. Dong*, 2013 WL 4046380, at *5 (S.D.N.Y. Aug. 9, 2013) (citation omitted).

Applying those factors to this case, it appears that CrossFit should be awarded statutory

damages in an amount significantly less than $200,000.  There has been no evidence that the

Chelmsford Sports Club reaped significant profits from its use of the CrossFit mark.  Nor does it

appear that Mustapha's use of the mark on a local sports club's website caused CrossFit to lose

significant revenues.  The Court doubts that a high damages award would have any general-

deterrent effect on other infringers, although of course it understands why the owner of a mark

must act vigilantly to protect its rights.  The need to specifically deter Mustapha, a *pro se*

defendant who has been embroiled in this litigation for more than two years, appears to be a

minor factor.  While CrossFit is willing to forego proving that Mustapha's infringement was

willful, it appears to be something other than wholly innocent—particularly that portion of the

infringement that occurred after June 2013.  Finally, the Court cannot ignore the fact that

CrossFit will be awarded its reasonable attorneys' fees under Mass. Gen. Laws ch. 93A, which

will also be a substantial financial consequence of the infringement.  Accordingly, the Court will

award statutory damages in the amount of $10,000.

CrossFit's petition for reasonable attorneys' fees as a prevailing party on its Chapter 93A claim remains outstanding.  CrossFit is hereby ordered to file its petition for reasonable attorneys' fees and costs by March 4, 2016.

### D.      Dismissal of Remaining Claims

CrossFit has stipulated that it is willing to dismiss its claims for false designation of origin and trademark dilution if the Court enters a permanent injunction and awards it statutory damages.[7]  The Court has entered a permanent injunction and awarded CrossFit statutory damages.  Accordingly, Counts Two and Three will be dismissed.

## III.   Conclusion

For the foregoing reasons, Mustapha's oral motion for reconsideration is DENIED, and CrossFit's motion for entry of judgment is GRANTED in part and DENIED in part.  It is hereby ordered that:

1. The Clerk shall enter judgment for plaintiff CrossFit, Inc., on Count One for trademark infringement in violation of 15 U.S.C. § 1114 and Count Four for unfair and deceptive trade practices in violation of Mass. Gen. Laws ch. 93A.

2. Defendant Donny Mustapha will be permanently enjoined from (1) using the "CrossFit" mark, including any substantially similar variation, in connection with his fitness-training services, (2) using the phrase "Fitness isn't a sport it's a lifestyle," and (3) using the word "Fitness" when adjacent to "Cross."  That injunction shall issue separately from this memorandum and order.

3. Plaintiff CrossFit, Inc., is awarded statutory damages pursuant to 15 U.S.C. § 1117(c)

---

[7] CrossFit has also indicated that it will not pursue its claims for trademark infringement as to the new marks or for a willful violation of Chapter 93A.

in the amount of $10,000.

4.  Counts Two and Three are hereby dismissed.

Plaintiff CrossFit, Inc., is hereby ORDERED to file its application for reasonable attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 93A no later than March 4, 2016.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: February 11, 2016

13